**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4257**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ARNOLD WOODBERRY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:17-cr-00292-NCT-1)

Submitted: December 17, 2018                    Decided: January 3, 2019

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Arnold Woodberry, Jr., pled guilty, pursuant to a written plea agreement, to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court sentenced Woodberry to 46 months' imprisonment and 3 years' supervised release. Woodberry's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising for our consideration whether Woodberry's sentence is procedurally unreasonable. We affirm.

When reviewing the procedural reasonableness of a sentence, we apply an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))

2

(alterations in original). However, the explanation should not be so brief that it requires us "to guess at the district court's rationale, searching the record for . . . any . . . clues that might explain a sentence." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017); *cf. United States v. Carter*, 564 F.3d at 329 (stating that "the Supreme Court's recent sentencing jurisprudence plainly precludes any presumption that . . . the district court has silently adopted arguments presented by a party").

The district court provided a brief explanation that did not address the nonfrivolous arguments put forward by Woodberry's counsel and did not illustrate how the court applied the § 3553(a) factors to Woodberry's particular circumstances. However, procedural sentencing error, including failure to adequately explain the chosen sentence, is subject to review for harmlessness. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "Under that standard, the government may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result," such that "we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted). After reviewing the record, we conclude that any error is harmless.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Woodberry, in writing, of the right to petition the Supreme Court of the United States for further review. If Woodberry

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Woodberry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*